Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

12 CV 0745

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.     Full Name And Prisoner Number of Plaintiff: NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1.  _LEONARD RANDOLPH_

2.  _____

FILED
AUG 7 2012
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

-VS-

**B.     Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1.  _THOMAS R. GRIFFIN_          4.  _JAMIE M. ROBINSON_

2.  _THOMAS E. HANNAH_          5.  _CHARLES M. SULLIVAN_

3.  _MICHAEL V. ROBYCK_          6.  _JOSHUA C. BRENNER_

_CONTINUE NEXT PAGE, SEE, Appendix A, (1 of 2)_

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:_ _LEONARD RANDOLPH, # 93 A 8824_

Present Place of Confinement & Address:_ _SOUTHPORT CORRECTIONAL FACILITY_
_P.O. Box 2000, PINE CITY, N.Y. 14871_

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

Appendix A, (2 of 2)

7. Donald C. McIntosh

8. William F. Skelly

9. Jeremy M. Clement

10. Sabrina A. VonHagn

**DEFENDANT'S INFORMATION  NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _____ *THOMAS R GRIFFEN* _____

(If applicable) Official Position of Defendant: _ *SUPERINTENDENT* _____

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: ____ *SOUTHPORT CORRECTIONAL FACILITY* ____

_____

Name of Defendant: _____ *THOMAS B. HANNAH* _____

(If applicable) Official Position of Defendant: ___ *CORRECTIONAL SERGEANT* __

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: __ *SOUTHPORT CORRECTIONAL FACILITY* __
_____ *P.O. Box 2000, PINE CITY, N.Y. 14871* _____

Name of Defendant: _____ *MICHAEL J. ROBYCK* _____

(If applicable) Official Position of Defendant: ___ *CORRECTION OFFICER* ___

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: ___ *SOUTHPORT CORRECTIONAL FACILITY* ___
_____ *P.O. Box 2000, PINE CITY, N.Y. 14871* _____

___ *CONTINUE NEXT PAGE, APPENDIX B, (1 OF 3)* ___

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.  Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
    Yes____  No ✓

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

    Plaintiff(s): _____

    Defendant(s): _____ *N/A* _____

    _____

2.  Court (if federal court, name the district; if state court, name the county): ____ *N/A* ____

    _____

3.  Docket or Index Number: _____ *N/A* _____

4.  Name of Judge to whom case was assigned: _____

Appendix B,   PAGE 2 of 3

Defendants Information

Name of Defendant:   Jamie M. Robinson

Official Position of Defendant:   Correction Officer

Defendant is Sued   _x_ Individual and/or _x_ Official Capacity

Address of Defendant:   Southport Correctional Facility
   P.O. Box 2000, Pine City, N.Y. 14871

---

Name of Defendant:   Charles M. Sullivan

Official Position of Defendant:   Correction Officer

Defendant is Sued   _x_ Individual and/or _x_ Official Capacity

Address of Defendant:   Southport Correctional Facility
   P.O. Box 2000, Pine City, N.Y. 14871

---

Name of Defendant:   Joshua G. Brimmer

Official Position of Defendant:   Correction Officer

Defendant is Sued   _x_ Individual and/or _x_ Official Capacity

Address of Defendant:   Southport Correctional Facility
   P.O. Box 2000, Pine City, N.Y. 14871

---

Name of Defendant:   Donald C. McIntosh

Official Position of Defendant:   Correctional Officer

Defendant is Sued   _x_ Individual and/or _x_ Official Capacity

Address of Defendant:   Southport Correctional Facility
   P.O. Box 2000, Pine City, N.Y. 14871

DEFENDANT'S INFORMATION                    Appendix B,   Page 3 of 3

Name of Defendant:  William F. Skelly
Official position of Defendant:  Correction Officer
Defendant is Sued in:  _X_ Individual and/or _X_ Official Capacity
Address of Defendant:  Southport Correctional Facility
        P.O. Box 2000, Pine City, N.Y. 14871

Name of Defendant:  Jeremy M. Clement
Official position of Defendant:  Registered Nurse II
Defendant is Sued in:  _X_ Individual And/or _X_ Official Capacity
Address of Defendant:  Southport Correctional Facility
        P.O. Box 2000, Pine City, N.Y. 14871

Name of Defendant:  Sabrina A. VanDagne
Official position of Defendant:  IGP Supervisor
Defendant is Sued in:  _X_ Individual and/or _X_ Official Capacity
Address of Defendant:  Southport Correctional Facility
        P.O. Box 2000, Pine City, N.Y. 14871

**A. FIRST CLAIM:** On (date of the incident) _____ January 17, 2012 _____

defendant (give the **name and position held** of **each defendant** involved in this incident) C.O. Michael Roblyck, C.O. Jamie Robinson, C.O. Charles Sullivan, C.O. Joshua Brimmer, C.O. Donald McIntosh, C.O. William Skelly.

did the following to me (briefly state what each defendant named above did): Plaintiff was Assaulted by Officer's Roblyck, Robinson, Sullivan, Brimmer, McIntosh and Skelly. While handcuffed Roblyck grabbed Plaintiff in collar, pushed him further in cell, punched Plaintiff in left side of face. Robinson kicked Plaintiff and threw punches, striking Plaintiff in face and body. During the course of event, these specific officer's: McIntosh, Skelly, Sullivan, and Brimmer entered cell location A-3-20

CONTINUE NEXT PAGE, APPENDIX C, (1 OF 2)

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Violation of 8th and 14th Const. Amend. Right to be Free from Excessive Force and Cruel, unusual Punishment.

The relief I am seeking for this claim is (briefly state the relief sought): Plaintiff seek $25,000 Compensatory damages, and $20,000 punitive damage for violation of Plaintiff Constitutional Rights.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes _____ No  If yes, what was the result? Grievance No.: SPT-53024-12 passed through to Superintendent as code 49 complaint.

Did you appeal that decision? ✓ Yes _____ No  If yes, what was the result? Denied by Supt. Griffin as having no evidence, unsupported and baseless.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: "Yes," but no response due to Obstruction of Grievance Appeal process by I.G.P. Supervisor. See, Exhibit-F, Carbon Copy of Appeal to CORC dated 2/20/12 Attached.

**A. SECOND CLAIM:** On (date of the incident) _____ January 17, 2012 _____

defendant (give the **name and position held** of **each defendant** involved in this incident) Thomas Hannah, Correctional Sergeant, responsible for Supervision of Subordinate officer's mentioned in First Claim.

Appendix C, 2 of 2

## A. FIRST CLAIM CONTINUATION:

and inflicted blows upon plaintiff as the assault was taken place. plaintiff was on top of the bed, trying to secure himself underneath, in order to minimized the infliction of pain, when heard a voice from the back of the cell said, "That's Enough!"

plaintiff left jaw was severely swollen to the point where it was difficult to chew food for nearly a month. upon the swelling going down, plaintiff till todays date of this Complaint, still hear a cracking sound in his jaw bone which feels displaced. This assault on plaintiff occurred when he signed up/requested for one hour out of door Exercise. On January 18, 2012, plaintiff received a shield misbehavior report. Use of force and Medical reports, including Ambulatory Health Record progress notes dated 1/18/12, 1/20/12, 1/24/12 filed.

did the following to me (briefly state what each defendant named above did): Sergeant T. Hannah, observed the beating of plaintiff with deliberate indifference, only stopping the assault after several minutes of his subordinate's assaulting plaintiff in the cell with batons, punching and kicking plaintiff while the plaintiff was handcuffed. Plaintiff suffered swollen, bruise left side of face, swollen ankle and lower right side back and waist injuries. Plaintiff was repeatedly struck  .. Continue next page, Appendix D, (1 of 2)

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Violation of 8th and 14th Const. Amend. Right to be free from Excessive Force and cruel, unusual punishment.

The relief I am seeking for this claim is (briefly state the relief sought): Plaintiff seek $ 25,000 Compensatory damage, and $ 20,000 punitive damage for violation of plaintiffs constitutional Rights.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ✓ Yes _____ No   If yes, what was the result? Grievance No.: SPT-53034-12 passed through to Superintendent as Code 49 Complaint

Did you appeal that decision? ✓ Yes _____ No   If yes, what was the result? Denied by Supt. Griffin as having no evidence, unsupported and baseless.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: "Yes," but no response due to obstruction of grievance appeal process by IGP Supervisor. See, Exhibit-F, carbon copy of appeal to CORC dated 2/20/12 attached.

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Defendant's conduct under color of State Law, violated plaintiff's constitutional safeguard rights, subjected him to suffer deprivation of his constitutional Rights, and is entitled to compensatory and punitive damages pursuant to 42 U.S.C § 1983 .

Do you want a jury trial? Yes ✓ No_____

Appendix D, (2 of 2)

## A. SECOND CLAIM CONTINUATION

On the back and lower right side with baton.
As a result plaintiff have back spasm which could come
on at any time, which impare him from movements
as a normal person would.

As a result of these injuries described in first and
second claim(s), together with the third claim as
described, plaintiff have suffered deprivation of his
constitutional rights and is entitled to damages,
both compensatory and punitive.

A. _THIRD CLAIM_: On (date of the incident) January 17, 2012 defendant (give the _name and position held_ of _each defendant_ involved in this incident) Thomas Griffin, Superintendent.

did the following to me (briefly state what each defendant name above did): Thomas Griffin and Executive Team entered A'Block at 9:55 A.m, in the vicinity of the incident. Thomas Griffin stopped briefly to engaged in conversation with Sgt. T. Hannah, then made a tour on A1 And A2 galleries.

plaintiff attempted "several" times to grasp Griffin's attention while secured inside shower area. But having constructive knowledge of the incident, avoided touring A3 And A4 galleries, and proceeded out the block

The constitutional basis for this Claim under 42 U.S.C §1983 is:

Superintendent Thomas Griffin's "dereliction of duty" to manage a safe environment and/or secure plaintiff Due process or equal protection of the law, lead to failure to protect against unnecessary excessive, physical force, and that Griffin is the Chief Administrative Officer, responsible for _all_ operations and management of Southport Correctional Facility, and the conduct of all staff personnels, including the subordinates'

Continue Next Page, Appendix E, (1 of 2)

Appendix E, (2 of 2)

## A. THIRD CLAIM CONTINUATION

to this action as well as the care, custody, control, and treatment of plaintiff under his immediate jurisdiction.

The relief I am seeking for this claim is: $25,000 compensatory damage, and $20,000 punitive damages from the defendant.

Exhaustion of Your Administrative Remedies for this claim: plaintiff filed a grievance. Grievance was code 49, which must be sent directly to the Superintendent from IGRC. T. Griffin, Supt., denied grievance as having no evidence, unsupported and baseless. Grievance #SPT-53024-12 was appealed. plaintiff received no response from CORC. See, Exhibit-F, Carbon Copy of Appeal dated 2/20/12 Attached.

## A. FOURTH CLAIM: One (date of the incident) January 17, 2012 defendant (give the name and position held of each defendant involved this incident) J. Clement, Registered Nurse.
did the following to me (briefly state what each defendant name above did): J. Clement responded to a "use of Excessive Force". Nurse Clement failed to document all plaintiffs inquiries, and attempted to cover up the force actually used, in order to reduce the force as well as intentional denial of medical treatment for over seven days remained in pain, at which point treatment is by a different nurse.

Continue next page, Appendix F, (1 of 3)

Appendix F. (3of3)

A. FULTON CLAIM CONTINUATION:

the constitutional basis for this Claim under 42 USC §1983 is:

Deliberate Indifference to plaintiffs health by failing to provide medical treatment following ASSAULT on his person by defendant's so mentioned, in violation of plaintiffs 8th and 14th Const. Amend. Right prohibition of Cruel and unusual punishment.

the relief I am seeking for this claim is: $25,000 Compensatory damage, and $20,000 punitive damages.

Exhaustion Of Your Administrative Remedies for this claim:

Grievance # SPT-53024-12 Denied by Superintendent as having no evidence, unsupported, and baseless. It was a code 49 grievance which must be sent directly to the Superintendent by IGRC. plaintiff Appealed to CORC, but no response due to Obstruction of grievance appeal process by IGP Supervisor.

See, Exhibit F, Carbon Copy of Appeal to CORC 2/29/12 Attached.

A. FIFTH CLAIM: On (date of the incident) February 21, 2012 defendant (give the name and position held of each defendant involved in this incident) Sabrina VanHoyn, IGP Supervisor did the following to me (briefly state what each defendant name above did): #1. On January 20, 2012 plaintiff wrote grievance complaint about defendants assaulting him in a malicious and sadistical manner while in handcuff restraints upon going to the morning exercise from his assigned housing cell A-3-20

#2 On February 20, 2012 plaintiff written out his Appeal Statement to CORC in connection with Superintendent's response to grievance #SPT-53024-12 "Alleges Harassment." Appeal Statement forwarded back to IGP Supervisor 2/21/12

#3 In a deliberate and calculated effort to protect the defendants from civil and criminal liability for haven maliciously and sadistically assaulted plaintiff while in handcuff restraints, the defendant Sabrina VanHoyn prevented, impeded, and obstructed the grievance process by haven sabotaged plaintiff's efforts to file Appeal to CORC.

#4. In an effort to protect the defendants from civil and criminal liability, the defendant Sabrina VanHoyn sanctioned, ratified, condoned and participated in deliberately obstructing the grievance process by

CONTINUE NEXT PAGE 1 OF 3

A. FIFTH CLAIM CONTINUATION:

by tampering with plaintiff's grievance; and by not handling plaintiff's grievance in a manner prescribed by the Department of Correctional Services Directives on Inmate Grievance, defendant Sabrina VanHagn violated plaintiff's right to seek redress of grievances, as guaranteed by the First Amendment, and, acting under color of State law, defendant have denied plaintiff the right to freely file a grievance.

#5    Section 1983 of Title 42 of the United States Code provides in pertinent part that:

> EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE... SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS ...

#6    The First Amendment to the Constitution of the United States confers, among other things, the right to

CONTINUE NEXT PAGE   2 of 3

A. FIFTH CLAIM CONTINUATION:

petition Government for redress of Grievances.

#7.    The First Amendment is applicable to the States through Section 2 of the Fourteenth Amendment.

The Constitutional basis for this claim under 42 USC § 1983 is:

As a result of defendant's conduct, plaintiff has suffered deprivation of his Constitutional rights and is entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

5.   The approximate date the action was filed:_____ N/A _____

6.   What was the disposition of the case?

       Is it still pending?  Yes_____No_____

          If not, give the approximate date it was resolved._____ N/A _____

      Disposition (check the statements which apply):

      _____ Dismissed (check the box which indicates why it was dismissed):

            _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

            _____ By court for failure to exhaust administrative remedies;

            _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

            _____ By court due to your voluntary withdrawal of claim;

      _____ Judgment upon motion or after trial entered for

            _____ plaintiff

            _____ defendant.

**B.**   Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

      Yes_____   No___✓___

<u>If Yes, complete the next section</u>.  NOTE:  *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      _____

      Defendant(s):_____

      _____

2.   District Court:_____

3.   Docket Number:_____

4.   Name of District or Magistrate Judge to whom case was assigned:_____ N/A _____

      _____

5.   The approximate date the action was filed:_____ N/A _____

6.   What was the disposition of the case?

       Is it still pending?  Yes_____  No_____

          If not, give the approximate date it was resolved._____ N/A _____

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

     _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

     _____ By court for failure to exhaust administrative remedies;

     _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

     _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

     _____ plaintiff

     _____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ July 31, 2012 _____
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____

_____

Signature(s) of Plaintiff(s)

7

| FORM (2133) STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | GRIEVANCE NUMBER **SPT-53024-12** | DATE FILED **1/24/2012** |
|---|---|---|
| | FACILITY **SOUTHPORT** | CLASS **1** |
| | TITLE OF GRIEVANCE  An | CODE **49** |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT'S RESPONSE | SUPERINTENDENT'S SIGNATURE | SUPT. DATE **2-15-12** |

| GRIEVANT | **Randolph, Leonard** | DIN.# **93-A-8824** | HOUSING-UNIT **B-1-1** |
|---|---|---|---|

Cell Location at time of grievance:  B-1-1

## DESCRIPTION OF PROBLEM

Grievant alleges that he was assaulted by named officers during an exercise run.

## ACTION REQUESTED

Grievant requests that staff be evaluated and corrected by Superintendent and Commissioner.

## SUPERINTENDENT'S RESPONSE

Grievant's request is denied.

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied.

A thorough investigation of this grievance was conducted by an assigned security supervisor

Lt. S... interviewed the grievant on 1/25/12, at approximately 10:50 am, at his cell. He stood by his grievance as factual and offered no evidence and offered the inmate housed in A-3-21 as a witness to support his allegations. The inmate in A-3-21 was identified as McCracken 10B1018 who refused to testify. The alleges assault was documented as a Southport C.F. Use of Force #12-0006. Involved staff were identified as COs R..., R..., and Sgt. H....

Involved staff has submitted written statements, denying all allegations of this inmate and stand by their statements in the Use of Force packet. Sgt. H... states that he observed no additional force used other than that required to gain compliance. The force used was necessary and minimal. Officer G... states that he did not punch the grievant in the face or "prevent him from accomplishing his mission."

After review, I find no evidence to support grievant's allegations. As such, this grievance is baseless and is denied.

---

If you wish to refer the above decision of the Superintendent, please sign below and return to the Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. An exception to the time limit may be requested under Directive 4040, Section 701.6(g).  Please state why you are appealing this decision to CORC.

*I disagree with the Superintendents decision, And that the grievant was Assaulted by said officer's, including J. Gilbert the officers covered for Gilbert As though he was never CONTINUE NEXT PAGE*                      2/20/12

| Grievant's Signature | Date |
|---|---|
| | Date |

Grievance Clerk's Signature

Randolph 93A8824. page #2

involved in the assault on grievant's person.
Grievant's witness refused to testify for being under
pressure, given the witness is housing in the same unit
where those said officers is assigned.

The said officer's conduct of assault was
planned and totally unnecessary. Grievant do not
have assault on staff within his twenty years of
incarceration.    Also, according to the information
shown on the "use of force Report", body hold was
the only minimal force to prevent injury on staff.
But if this was the case, than how grievant's left
side of his face get injured, along with his right
ankle and lower right side, and prescribed medication
for those injuries? Grievant was handcuffed
"prior" to opening the cell door, aside from being
directed to turn around with his back facing the
said officers when the cell gate opened.

Moreover, the Superintendent
and/or Executive staff made a tour in the block
on January 17, 2012, when grievant was inside the
shower. Grievant attempted to get their attention
by calling out their names. But they only made
a tour on A1, and A2 gallery's and than departed
out the block. This is unusual because they
usually make a tour on all four gallery's.
But on 1/17/12 it was as though they been informed

Grievant
Randolph 93A8824 - page #3                                EXHIBIT - F

of the situation, so the Executive Team avoided touring A3 and A4 galleries. Grievant was locking A3 gallery where he was inside the Shower with Swollen face, etc. from being assaulted 1/2 minutes prior to their arrival.

The grievant direct IGRC's attention to the "TITLE OF GRIEVANCE," and that the complaint indicate "ALLEGES HARASSMENT." Grievant was assaulted not harassed. Ms. Sabrina Vanhagn is the IGRC Supervisor. Grievant experiences ongoing problems with Vanhagn in the past concerning grievance matters. In this grievance issue, she has changed the title from Assault as documented by grievant, to Alleges harassment in order to reduce the impact of the event. See, additional GRIEVANCE: SPT-53048-12, "Disputes Grievance Title", Filed 1/27/12. The said grievance is remotely related to this grievance.

Grievant note that inmate SHAWN EVENS, 11A0681 was assaulted a week prior by one of the officers that assaulted grievant. His grievance is titled "ALLEGE ASSAULT". Griev. No. SPT 53007-12, code 49.   This would be the correct title. Therefore, why did Vanhagn misrepresent my GRIEVANCE. She should be fired or change assignment because she covers up for the misconduct by staff.

cc:

Pending file

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

**DISBURSEMENT OR REFUND REQUEST**

C2-5

CELL LOCATION

NAME _Leonard Randolph_

DATE _July 30,_  20 _12_

CODE TYPE

INMATE NUMBER | 9 | 3 | A | 8 | 8 | 2 | 4 |

"SHORT NAME" | L | R | A | N |

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP

AMOUNT $   4.00

Authorized Advance
is requested if
needed.

SENT TO CODE
(SEE TABLE B-6)

ITEM
DESCRIPTION  _PHOTO's_        _FOIL Request_

| | | | |
|---|---|---|---|
| LAST NAME | FIRST NAME | MI | SUFF |
| ADDRESS | | | APT. NO. |
| CITY | STATE | | ZIP CODE |

SENT TO OR
PURCHASE FROM

APPROVED _T. Spearn_
(SOURCE AREA)

DATE _7/30/12_

APPROVED _____
(BUSINESS OFFICE)

DATE _____

**I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.**

(INMATE SIGNATURE)

FORM 2706 (REV. 8/93)        Original - Business Office    Yellow - Approving Office    Pink - Inmate

To: Ms. J. Phillips, F.O.I.L. Officer

From: Mr. Leonard Randolph
      93A8824, C2-5, Special Housing Unit
      Southport Corr. Facility
Date: July 30, 2012

     Re:  4- 35mm photographs And 4-Photograph
        of EXCESSIVE force dated JAN. 17, 2012

    Dear Ms. Phillips

                Please find attached a disbursement Authorizing $4.00 be deducted from my Account balance, to cover the above requested. I dont know if Authorized Advance for funds would apply to this matter, but I need the photographs's, and need to make copies of the pictures.

                    Thank You Very Much

CC:
  pending file.

*As of this date I have no funds in my account.*

State of New York- Department of Correctional Services

# SOUTHPORT CORRECTIONAL FACILITY
### INTERDEPARTMENTAL COMMUNICATION

TO: Randolph, Leonard 93A8824 C-2-5

FROM: V. PHILLIPS-F.O.I.L. OFFICE/INMATE RECORDS COORDINATOR II    V. Phillips (cw)

SUBJECT: FREEDOM OF INFORMATION LAW REQUEST

DATE: 7/31/12

_____ This memorandum will acknowledge your Freedom of Information Law request received today. Your request is being handled.

_____ Photocopying costs are $0.25/page and $1.50/audio tape. Please submit a signed disbursement form.

_____ I have received your request; however, I do not know precisely what you are requesting. Please provide clarification.

_____ The Freedom of Information Law governs access to existing records. Our review indicates the records you requested do not exist in our files.

_____ Pursuant to the Freedom of Information Law, the records you requested are predecisional, interagency material and are exempt from disclosure; therefore, your request is DENIED.

_____ Pursuant to the Freedom of Information Law, the records you requested are evaluative and are exempt from disclosure; therefore, your request is DENIED.

_____ Your disbursement form has been/will be processed in the amount of $_____. Pursuant to F.O.I.L., the records you requested are enclosed.

☒ Due to insufficient funds, your request cannot be processed.

☒ You may not use an Advanced Request form to purchase F.O.I.L. documents.

_____ Your disbursement is being returned as it has not been properly authorized.

_____ RAP Sheets must be obtained from the Division of Criminal Justice Services, Bureau of Investigation & Criminal History Opers., Executive Park Tower, Stuyvesant, Albany, NY 12203

_____ Enclosed is a printout of: ____discipline history ____time computation _____visitor list ____ Other:_____

_____ Your request has been forwarded to your Counselor for your review.

_____ F.O.I.L. does not require that we answer questions and/or do research, only provide specifically requested documents, providing that they exist.

_____ Your request has been forwarded to_____

_____ You have been added to the list to review your hearing tapes.

☒ Write back when you have money in your account.

You have the right to appeal this decision in writing to the Office of Counsel, New York State Department of Correctional Services, State Office Campus, Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.