UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD RANDOLPH,

        Plaintiff,

v.

THOMAS R. GRIFFIN, THOMAS E. HANNAH,
MICHAEL V. ROBYCK, JAMIE M. ROBINSON,
and JAMES GILBERT,

        Defendants.

**ORDER**
12-CV-745S

        In this action, Plaintiff Leonard Randolph alleged that various defendants, all of whom are employees of the New York Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights by using excessive force against him, failing to intervene and protect him against the use of excessive force, denying him adequate medical care, and prohibiting him from freely exercising his religion. He brought five First and Eighth Amendment claims under 42 U.S.C. § 1983.

        On January 22, 2019, this Court granted Defendants summary judgment on each of Randolph's claims. See Randolph v. Griffin, 12-CV-745S, 2019 WL 283872 (W.D.N.Y. Jan. 22, 2019). This Court dismissed Randolph's First Amendment claim for failure to exhaust administrative remedies. Id. at *8. As to Randolph's Eighth Amendment claims, this Court found that issues of material fact precluded a determination as to whether Randolph properly exhausted his available administrative remedies, but in any event, Defendants were entitled to summary judgment because there was insufficient evidence from which a reasonable trier of fact could find any Eighth Amendment violations. Id. at *8, *9-15. Randolph appealed.

1

On June 2, 2020, the United States Court of Appeals for the Second Circuit determined that Randolph sufficiently raised genuine disputes of material fact that Defendants used excessive force and failed to intervene to protect him from excessive force such that a reasonable jury could find an Eighth Amendment violation. See Randolph v. Griffin, 19-434-pr, 2020 WL 2846649, at *2 (2d Cir. June 2, 2020). It therefore remanded the case for further proceedings. Id. at *4. The Circuit's Mandate was entered on July 2, 2020, thereby restoring jurisdiction in this Court. (Docket No. 139.)

After issuance of the Second Circuit's decision but before its Mandate was entered, Defendants moved for a hearing on the issue of administrative exhaustion. (Docket No. 138.) This Court set a briefing schedule on the motion, but that Order does not appear to have been sent to Randolph, who is once again pro se,[1] nor does it appear that the Defendants' motion for hearing was served on Randolph. Consequently, this Court will issue a new briefing schedule.

IT HEREBY IS ORDERED, that Plaintiff must file a response to Defendants' motion for a hearing (Docket No. 138) by August 31, 2020.

FURTHER, that Defendants must file any reply by September 7, 2020.

FURTHER, that the Clerk of Court is directed to designate Plaintiff as a pro se litigant on the docket.

FURTHER, that the Clerk of Court is directed to send a copy of this Order together

---

[1] Randolph was previously represented *pro bono* by Angelo S. Gambino, Esq.

2

with a copy of Defendant's motion (Docket No. 138) and the Second Circuit Mandate (Docket No. 139) to Leonard Randolph, Project Renewal Fort Washington Men's Shelter, 651 W. 168th Street, New York, NY 10032, and to update his address on the docket accordingly.

FURTHER, that Plaintiff is warned that failure to respond to Defendants' motion as directed could result in this case being dismissed for lack of prosecution.

SO ORDERED.

Dated: July 30, 2020
       Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
