UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD RANDOLPH,

            Plaintiff,

v.

THOMAS R. GRIFFIN, THOMAS E. HANNAH,
MICHAEL V. ROBYCK, JAMIE M. ROBINSON,
and JAMES GILBERT,

            Defendants.

**DECISION AND ORDER**
12-CV-745S

## I. INTRODUCTION

In this action, Plaintiff Leonard Randolph alleged that various defendants, all of whom are employees of the New York Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights by using excessive force against him, failing to intervene to protect him against the use of excessive force, denying him adequate medical care, and prohibiting him from freely exercising his religion. He brought five First and Eighth Amendment claims under 42 U.S.C. § 1983. Randolph has not, however, continued to participate in this case. Consequently, for the reasons stated below, this Court finds that this action must be dismissed for failure to prosecute.

## II. BACKGROUND

On January 22, 2019, this Court granted Defendants summary judgment on each of Randolph's claims. See Randolph v. Griffin, 12-CV-745S, 2019 WL 283872 (W.D.N.Y. Jan. 22, 2019). This Court dismissed Randolph's First Amendment claim for failure to exhaust administrative remedies. Id. at *8. As to Randolph's Eighth Amendment claims, this Court found that issues of material fact precluded a determination as to whether

1

Randolph properly exhausted his available administrative remedies, but in any event, Defendants were entitled to summary judgment because there was insufficient evidence from which a reasonable trier of fact could find any Eighth Amendment violations.  Id. at *8, *9-15.  Randolph appealed.

On June 2, 2020, the United States Court of Appeals for the Second Circuit determined that Randolph sufficiently raised genuine disputes of material fact that Defendants used excessive force and failed to intervene to protect him from excessive force such that a reasonable jury could find an Eighth Amendment violation.  See Randolph v. Griffin, 816 F. App'x 520, 523-25 (2d Cir. 2020).  It therefore remanded the case for further proceedings.  Id. at 525.  The Circuit's Mandate was entered on July 2, 2020, thereby restoring jurisdiction in this Court.  (Docket No. 139.)

After issuance of the Second Circuit's decision but before its Mandate was entered, Defendants moved for a hearing on the issue of administrative exhaustion.  (Docket No. 138.)  Once the Second Circuit issued its Mandate, this Court set a briefing schedule on Defendants' motion on July 2, 2020, but the Order was not sent to Randolph, who had reverted to pro se status,[1] nor did Defendants serve their motion on Randolph.  (Docket No. 140.)  This Court therefore ascertained Plaintiff's address,[2] ordered a new briefing schedule, and directed the Clerk of Court to send copies of the Order and motion papers

---

[1] Randolph was previously represented by *pro bono* counsel.

[2] Upon inquiry from the court, Randolph's appellate counsel provided his parole officer's contact information.  Randolph's parole officer then advised the court that Randolph resided at the Project Renewal, Fort Washington Men's Shelter, 651 W. 168th Street, New York, N.Y. 10032, the address to which all subsequent correspondence has been sent.  None of the correspondence has been returned as undeliverable, and Randolph has never updated his address.  It is therefore presumed by rule that Randolph is living at his current address and has received the papers sent there.  See Rule 5.1 (d) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.

to Randolph.  (Docket No. 141.)  This Court also directed Randolph to respond to Defendants' motion by August 31, 2020, or risk dismissal of the action for failure to prosecute.  Id.  Randolph did not respond as directed.

On September 15, 2020, this Court issued an Order *sua sponte* extending Randolph's time to respond to Defendants' motion until October 14, 2020.  (Docket No. 142.)  Therein, this Court noted its awareness that Randolph's housing situation may be unstable, and in an effort to exhaust all avenues of reaching him, directed the Clerk of Court to also send copies of the Order to Randolph's previous attorneys (trial and appellate counsel), in case Randolph contacted them.  Id.  This Court also again warned Randolph that his failure to respond to Defendants' motion could result in his case being dismissed for lack of prosecution.  Id.  Randolph again failed to respond.

On October 19, 2020, this Court issued another Order *sua sponte* extending Randolph's time to respond to Defendants' motion until November 30, 2020.  (Docket No. 143.)  The Order was sent to Randolph and his previous attorneys, and this Court again warned Randolph that his failure to respond could result in his case being dismissed for lack of prosecution.  Randolph failed to respond for a third time.

On December 14, 2020, this Court issued another Order *sua sponte* extending Randolph's time to respond to Defendants' motion until January 29, 2021.  (Docket No. 145.)  Like the Orders before it, this Order was sent to Randolph and his previous attorneys.  Id.  This Court set out the history of Randolph's failure to respond to the court's previous orders and explicitly advised Randolph that his case would be dismissed for failure to prosecute if he did not respond as directed.  Id.  This Court also advised Randolph that this would be his final opportunity to respond to avoid dismissal.  Id.

Randolph again failed to respond.

### III. DISCUSSION

A. **Dismissal for Failure to Prosecute**

Despite numerous opportunities to do so, Randolph has not responded to Defendants' motion, nor has he otherwise participated in this action since its return from the Second Circuit. This case therefore warrants dismissal for failure to prosecute, under Rule 41 (b) of the Federal Rules of Civil Procedure, which provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (b).

Where the defendant has not moved under Rule 41 (b), a court may nonetheless dismiss a case *sua sponte*. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-31.

Rule 41 (b) does not define what constitutes failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell

Theatre Corp., 682 F.2d at 42. Dismissal pursuant to Rule 41 (b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Rsrv. Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving pro se litigants, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). While a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate

court has the benefit of the district court's reasoning." Lucas, 84 F.3d at 535.  Finally, in examining the above factors, no single factor is to be considered dispositive.  See United States ex rel. Drake, 375 F.3d at 254.

In the present case, these factors weigh in favor of dismissal.  Specifically, (1) Randolph has caused a delay of significant duration in this litigation, as the proceedings have been halted for approximately seven months as a result of his inaction, see Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal where pro se party caused seven-month delay); (2) this Court directed Randolph to respond to Defendants' motion four times and each time warned him that his failure to respond could result in dismissal of this case; (3) Defendants are inherently prejudiced by further delay of this action; (4) by affording Randolph ample time to prosecute his claims, this Court carefully balanced the need to alleviate court calendar congestion against Randolph's right to pursue his claims; and (5) no lesser sanction would be appropriate as Randolph's repeated failure to comply with this Court's multiple dismissal warnings demonstrates that lesser sanctions would be ineffective, see Ruzsa, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice).

Consequently, having assessed the relevant factors and made every reasonable effort to contact Randolph, including attempting to reach him through his previous attorneys, this Court finds that Randolph has had ample opportunity to pursue his claims but has elected not to do so.  Dismissal for failure to prosecute is therefore warranted.

**B.     Dismissal Under the Local Rules**

This district's local rules[3] require litigants to prosecute their cases or face dismissal.  As relevant here, Local Rule 41 (b) provides for the dismissal of a civil case that has been pending for more than six months and is not in compliance with the directions of the presiding judge, or if no action has been taken by the parties for six or more months.  Local Rule 5.2 (d) provides for dismissal of a pro se action if the pro se litigant fails to keep the court apprised of his or her current address for service of papers.

Here, Randolph has taken no action in this case for seven months and has failed to comply with this Court's directions.  Moreover, to the extent Randolph is residing at an address other than the one provided on the docket, he has failed to apprise the court of his current address, which is also a basis for dismissal.  Dismissal for failure to prosecute is therefore independently warranted under the local rules.

## IV. CONCLUSION

For the foregoing reasons, Randolph's case is dismissed without prejudice to reopening in the six months following the entry date of this decision.  If Randolph fails to move for reopening within the six-month period, the dismissal is automatically converted without further order to a dismissal with prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Randolph's case is DISMISSED for failure to prosecute, pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure and this district's local rules.

---

[3] Referring to the Local Rules of Civil Procedure for the United States District Court for the Western District of New York ("the Local Rules").

FURTHER, that this dismissal is WITHOUT PREJUDICE to reopening in the six months following the entry date of this decision.

FURTHER, that if Randolph fails to move for reopening within the six-month period, this dismissal is automatically converted without further order to a dismissal WITH PREJUDICE.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Randolph at his last known address as reflected on the docket.

FURTHER, that the Clerk of Court is directed to also send copies of this decision to Randolph's previous attorneys as follows:

>Angelo S. Gambino, Esq.
>Brown Chiari, LLP
>2470 Walden Avenue
>Buffalo, NY  14225
>
>Lauren M. Brody, Esq.
>Shapiro Arato Bach LLP
>500 Fifth Avenue, 40th Floor
>New York, NY  10110

FURTHER, that it is requested that previous counsel, if in contact with Randolph, inform him of this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:   March 2, 2021
         Buffalo, New York

                                      s/William M. Skretny
                                     WILLIAM M.  SKRETNY
                                    United States District Judge